UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
09 DEC 17 PM 3:54
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| LaRUE ARTIS, individually and on behalf of those similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO.: ) |
| FIRST REVENUE ASSURANCE, LLC., | ) 1:09-cv-1555 SEB-TAB ) |
| Defendant. | ) ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff LaRue Artis ("Artis" or "Plaintiff"), individually and on behalf of those similarly situated, by counsel, brings this action against First Revenue Assurance, LLC., ("FRA" or "Defendant") for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and shows as follows:

### OVERVIEW

1. Defendant failed to pay Plaintiff, and those similarly situated, in accordance with the Fair Labor Standards Act ("FLSA") by failing to pay additional overtime compensation owed as a result of deferred commission payments. It was Defendant's policy and practice to unlawfully exclude commissions earned from the regular rate of pay when calculating the overtime wages due to Plaintiff and those similarly situated. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b).

### PARTIES

2. Artis is an individual who resides in Marion County, Indiana. He was employed by Defendant within the meaning of the FLSA during the three year period prior to the filing of this Complaint. At all times hereinafter mentioned, Artis was an individual employee who was

engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. Artis' written consent is attached as Exhibit A.

3. FRA is a Colorado limited liability corporation doing business in Indiana. Defendant acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and other similarly situated employees. Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

4. This Court has jurisdiction over Defendant because Plaintiff brings a claim arising under federal law.

## VENUE

5. Venue is appropriate in the Southern District of Indiana pursuant to 29 U.S.C. § 216(b).

## FLSA COVERAGE

6. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

7. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## FACTS

8. Plaintiff has been employed by Defendant as a Collector since approximately April 2008.

9. As a Collector, Plaintiff earned commissions, which were paid on a deferred basis, approximately once per month.

10. Plaintiff was not fully compensated for all overtime earned because Defendant failed to pay additional overtime compensation due by reason of inclusion of the commission in his regular rate of pay.

## COLLECTIVE ACTION ALLEGATIONS

11. Upon information and belief, Defendant employs Collectors in Colorado, Texas, and Indiana, and experiences a high degree of turnover in the position.

12. Plaintiff is similarly situated to other current and former Collectors employed by Defendant in that they shared similar titles, job duties, and compensation schemes, including the payment of commissions.

13. Pursuant to its policy and practice, Defendant failed to fully pay overtime wages due to all current and former Collectors employed by Defendant within the last three years ("Members of the Class") because Defendant failed to include earned commissions in calculating the amount of overtime due to Members of the Class.

14. Application of the aforementioned policy and practice of Defendant was not dependent on the personal circumstances of individual Collectors, but rather affected Plaintiff and all Members of the Class. Application of this policy or practice does not depend on the personal circumstances of the Plaintiff or those joining this lawsuit. Rather, the same policy or

practice that resulted in the non-payment of overtime applied to Plaintiffs and all Members of the Class.  Accordingly, the class is properly defined as:

**All current and former Collectors employed by Defendant within three years prior to the filing of this Complaint.**

15. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to fully compensate Plaintiff and the Members of the Class for overtime hours at the rate of one and one half times their regular rate.

### COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

16. Paragraphs 1-15 of this Complaint are hereby incorporated by reference.

17. Defendant has violated the provisions of Section 7 of the FLSA, 29 U.S.C. 107, by failing to pay additional overtime compensation owed as a result of Defendant's payment of deferred commissions.

18. Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of others similarly situated, demands:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who join in the suit), in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

b. An Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

c. An Order awarding Plaintiff (and those who have joined in the suit) his attorney's fees;

d. An Order awarding Plaintiff (and those who have joined in the suit) pre- and post-judgment interest at the highest rates allowed by law;

e. An Order enjoining future violations of the FLSA; and

f. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

_____
Philip J. Gibbons, Jr. (#19353-49)

_____
Andrew G. Jones (#23020-49)

_____
Rebecca L. Brettin (#25498-75)

GIBBONS JONES, P.C.
Two Meridian Plaza
10401 North Meridian Street, Suite 300
Indianapolis, Indiana 46290
Telephone:   (317) 706-1100
Facsimile:    (317) 616-3336
E-Mail:         pgibbons@gibbonsjones.com
                    ajones@gibbonsjones.com
                    rbrettin@gibbonsjones.com

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of others similarly situated, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

Philip J. Gibbons, Jr. (#19353-49)
Andrew G. Jones (#23020-49)
Rebecca L. Brettin (#25498-75)

GIBBONS JONES, P.C.
Two Meridian Plaza
10401 North Meridian Street, Suite 300
Indianapolis, Indiana 46290
Telephone:   (317) 706-1100
Facsimile:   (317) 616-3336
E-Mail:      pgibbons@gibbonsjones.com
             ajones@gibbonsjones.com
             rbrettin@gibbonsjones.com

Attorneys for Plaintiff